{¶ 19} I respectfully dissent.
 {¶ 20} The issue here is whether Officer Bednar had probable cause to stop Brown's vehicle. The Ohio Supreme Court has held that "where a police officer stops a vehicle based on probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under the Fourth Amendment * * *." Dayton v. Erickson, 76 Ohio St.3d 3,11, 1996-Ohio-431.
 {¶ 21} "Regarding `weaving' and marked lane violations, there are two legitimate bases for an officer to initiate a traffic stop. The first is that, pursuant to Terry v. Ohio [(1968), 392 U.S. 1, 21,] the officer has a reasonable suspicion that a crime is occurring. The second is that the officer has probable cause to believe that a traffic violation has occurred." State v. Korman, 11th Dist. No. 2004-L-064, 2006-Ohio-1795, at ¶ 13 (citation omitted). "In many instances when a vehicle crosses [a lane marker], the officer could stop the vehicle based upon probable cause that a traffic violation has occurred * * * and based upon reasonable suspicion that the driver is operating the vehicle under the influence of alcohol. However, the stop does not violate the Fourth Amendment so long as the circumstances meet one of the above standards." Id. (emphasis sic). *Page 7 
 {¶ 22} In the instant matter, Officer Bednar testified that, at approximately 2:00 a.m., on March 7, 2000, he observed a Pontiac, driven by Brown, turn from Motor Inn Drive and head southbound on Belmont Avenue. Bednar testified that Belmont Avenue is a four lane roadway with a concrete divider in the center. After Brown made the turn, Bednar observed her "driving in an erratic manner," and "bouncing back and forth" within the left hand lane, and followed behind her for a distance of approximately one-quarter of a mile. Officer Bednar stated that at first, he thought that Brown might have been lost, because several times "[i]t appeared like [she] was going to switch lanes, and then she didn't." He described this movement as both "straddling the line instead of driving straight," and "bouncing between lanes as if she was going to switch."
 {¶ 23} R.C. 4511.33 (A)(1) provides:
 {¶ 24} "Whenever any roadway has been divided into two or more clearly marked lanes for traffic, or wherever * * * traffic is lawfully moving in two or more substantially continuous lines in the same direction, * * * a vehicle * * * shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic and shall not be moved from such lane or line until the driver has first ascertained that such movement can be made with safety."
 {¶ 25} "This court has repeatedly held that a minor violation of a traffic regulation * * * that is witnessed by a police officer is, standing alone, sufficient justification to warrant a limited stop for the issuance of a citation." State v. Yemma (Aug. 9, 1996), 11th Dist. No. 95-P-0156, 1996 Ohio App. LEXIS 3361, at *6-*7 (citations omitted);Warren v. Smith, 11th Dist. No. 2002-T-0063, 2003-Ohio-2113, at ¶ 7;State v. Livengood, 11th Dist. No. 2002-L-044, 2003-Ohio-1208, at ¶ 17;State v. Jones, 11th *Page 8 
Dist. No. 2001-A-0041, 2002-Ohio-6569, at ¶ 17; State v. Molk, 11th Dist. No. 2001-L-146, 2002-Ohio-6926, at ¶ 15.
 {¶ 26} There was competent, credible evidence to support the trial court's finding, on the basis of Bednar's testimony, that Brown repeatedly "straddled the line."
 {¶ 27} Furthermore, this court has stated that "[significant weaving within one's lane can give rise to the level of erratic driving and reasonable suspicion that the driver of the vehicle is impaired to justify a stop, even if there are no other traffic violations."Korman, 2006-Ohio-1795, at ¶ 15 (citation omitted).
 {¶ 28} Once the aforementioned violations and erratic driving were observed, Officer Bednar had reasonable grounds to stop the vehicle. Absent some evidence from Brown that further detention was unreasonable, the motion to suppress should not be granted. See State v. Hale, 11th Dist. No. 2004-L-105, 2006-Ohio-133, at ¶ 40, quoting State v.Myers (1990), 63 Ohio App.3d 765, 771 ("[i]f circumstances attending an otherwise proper stop should give rise to a reasonable suspicion of some other illegal activity, different from the suspected illegal activity that triggered the stop, then the vehicle and the driver may be detained for as long as that new articulable and reasonable suspicion continues").
 {¶ 29} The judgment of the Trumbull County Court of Common Pleas should be affirmed. *Page 1